**STATE, Plaintiff-Appellee, v. KELLY, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1842.   Decided April 14, 1945.

Matthias H. Heck, Pros. Atty., Dayton, for plaintiff-appellee.

Merritt E. Schlafman, Dayton, for defendant-appellant.

## OPINION

BY THE COURT:

The appellant was charged, tried, convicted and sentenced for murder in the second degree. His defense was self defense. Originally there were eleven errors assigned but upon final presentation one only was urged, namely, the court's failure to charge the jury in substance that the defendant being a bar tender and in charge for the owner of the place where the killing was committed, had the right in keeping order to use such force as was necessary to eject any patron causing trouble and not conducting himself properly thereon.

The evidence developed that there had been some altercation between decedent and defendant. Defendant had thrown a glass with beer in it, striking decedent in the face and immediately thereafter walked over to the end of the bar, got a revolver and shot the decedent. There is some testimony that he had ordered decedent out of the place of business although the defendant does not say so. However, there is no proof whatever that there had been any physical attack upon the defendant by decedent; there had been no attempt by the defendant to eject the decedent by talking hold of him and using any force to put him out and the decedent had not touched the defendant, although according to the testimony

'of some of the witnesses he was menacing defendant with an empty pop bottle.

In this situation, it would have been improper and dangerous to have charged the jury in terms which would have suggested to the members thereof that the defendant had a right to shoot the decedent unless he was in fear of death or great bodily harm and had good reason for such fear.

The court very properly charged the law of self defense as it was applied to the only defense which was asserted, viz., that defendant, because of decedent's menacing attitude and particularly because he reached into his pocket to get a knife or a weapon was in fear of death or great bodily harm.

The judgment will be affirmed.

HORNBECK, P. J., GEIGER and MILLER, JJ., concur.